**NEMEROV v. HELVERING, Commissioner of Internal Revenue.**

**No. 74.**

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1944.

Isidore Siegeltuch, of New York City, for petitioner.

F. E. Youngman, of Washington, D. C., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The petitioner has been allowed a deduction of $2,000 for the year in question under § 117(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 875, on the theory that in that year he suffered a capital loss. He can recover anything more only in case he charged off in that year as a worthless debt, the money which he had invested in the business. Section 23(k), 26 U.S.C.A. Int.Rev.Acts, page 828. The Tax Court did not definitely find whether his advances were loans, or an investment; nor need we. If they were loans, all interests in the property except his had been extinguished before 1936. It makes no difference whether the corporation remained in existence or not after the business closed. If it did, judgment and execution against it would have been judgment and execution against assets in which the taxpayer himself had all the beneficial interest. Whatever had been the situation before 1933, thereafter he could have had only an investment in the remaining assets. His notion that because the corporation in form still continued his debtor, he could withhold charging off the debt until he had finally disposed of the assets is not tenable. When a taxpayer owns all the interest in a corporation, he cannot insist that his formal relations with it must be used in measuring his taxes. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406.

Order affirmed.